IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Derrick Marcell Hollingsworth, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden Joseph McFadden, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:16-1213-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, brought this action seeking habeas corpus relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

The petitioner was convicted of murder and sentenced to life in prison on April 13, 2000 (app. 1, 509, 517). The petitioner's conviction was affirmed on appeal on November 15, 2001. The petitioner did not seek further review. The Court of Appeals issued its remittitur on December 3, 2001, and it was filed in Horry County on December 4, 2001 (doc. 13-5). On July 16, 2002, the petitioner filed a *pro se* application for post conviction relief ("PCR"). By order dated May 24, 2006, the PCR court denied all of the petitioner's claims and dismissed the application with prejudice (app.592). The petitioner did not appeal this denial. On March 29, 2011, the petitioner filed his second PCR application (app. 594). On July 14, 2011, the second PCR was dismissed by conditional order (doc. 13-6). In response to the conditional order, the petitioner raised a new allegation, stating that he was entitled to belated review of his first PCR application pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) (doc. 13-7). In an order filed July 24, 2012,

the Honorable Steven H. John found that the petitioner had raised a genuine issue of material fact and ordered an evidentiary hearing to determine whether the petitioner was wrongfully denied his right to appellate review of his first PCR application (doc. 13-8). On October 30, 2013, after a hearing before the Honorable J. Cordell Maddox, the court granted the petitioner's *Austin* claim and allowed belated review of the first PCR application (app. 630). On May 13, 2015, the Supreme Court reversed the PCR judge's finding that the petitioner was entitled to a belated review of his first application, holding the judge's decision was not supported by the record (doc. 31-11, p.4). The petitioner's *Austin* petition was denied as moot (doc. 13-11, p.2). The Supreme Court issued its remittitur on May 29, 2015, and it was filed on June 1, 2015 (doc. 13-12).

On April 15, 2016, the petitioner filed a Section 2254 petition in this court.[1] On July 7, 2016, the respondent filed a motion for summary judgment and the return. On July 8, 2016, by order of this court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The petitioner did not file a timely response, but on August 12, 2016, he filed a motion for extension of time to file his response to the motion for summary judgment (doc. 17). On August 15, 2016, the petitioner was granted an extension of time through September 14, 2016, to file his response (doc. 19). The petitioner did not file a timely response. As the petitioner is proceeding *pro se*, the court filed an order on September 19, 2016, giving the petitioner through October 10, 2016, to file his response to the motion for summary judgment. The petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute (doc. 21). On September 19, 2016, the petitioner filed a second motion for an extension of time (doc. 24), which the court ruled as moot as the

---

[1]This is the date the petition arrived in the mailroom at Lieber Correctional Institution (doc. 6-1, p. 28). *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (holding *pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

petitioner had already been given additional time (doc. 25). The petitioner filed another motion for extension of time on October 13, 2016 (doc. 27), which the undersigned granted through November 16, 2016 (doc. 29). The petitioner has not filed a response.

## APPLICABLE LAW AND ANALYSIS

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b)[2] for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the petitioner is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the petitioner's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the respondent is left to wonder when the action will be resolved. The petitioner has not responded to the respondent's motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the petitioner has abandoned his lawsuit. The motion for summary judgment has now been pending for over four months with no response from the petitioner. No other reasonable sanctions are available. Accordingly, the undersigned recommends that this action be dismissed for lack of prosecution.

---

[2]Rule 12 of the Rules Governing Section 2254 Cases states: "The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

In the motion for summary judgment, the respondent argues that the petition should be dismissed as it was filed beyond the statute of limitations period (doc. 13 at 12-16). The undersigned agrees.

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

The petitioner's conviction was affirmed on appeal on November 15, 2001, and the petitioner did not seek further review. The petitioner's state court convictions became final 15 days later on November 30, 2001, as the petitioner did not file a petition for rehearing or petition the South Carolina Supreme Court for certiorari. *See* Rule 221, SCACR (petition for rehearing must be made within 15 days after judgment of appellate court). The Court of Appeals issued its remittitur on December 3, 2001, and it was filed in Horry County on December 4, 2001 (doc. 13-5). As the respondent uses the latter date of the filing of the remittitur as the date the petitioner's conviction became final, the undersigned will also do so in order to give the petitioner every benefit of the doubt (*see* doc. 13 at 12-13). The petitioner filed his first PCR application on July 16, 2002.

---

[3]The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4

Accordingly, at the very least, 224 days of untolled time had lapsed at that point between December 4, 2001, and July 16, 2002. Even assuming that the statute remained tolled throughout the petitioner's first PCR, second PCR, and during the belated review of the first PCR, such tolling expired at the very latest on June 1, 2015, when the remittitur from the South Carolina Supreme Court was filed with the Horry County Clerk of Court. *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 775-76, 780 (D.S.C. 2015) (finding that final disposition of a PCR appeal in South Carolina does not occur until the remittitur is filed in the circuit court, and thus the Section 2244(d) statute of limitations is tolled until that time).[4] The *Houston v. Lack* filing date of the petition in this action is April 15, 2016, which is 319 days after the filing of the remittitur. Applying the most lenient of time calculations, 224 days accumulated prior to the filing of the petitioner's first PCR application, and 319 days accumulated following the conclusion of his PCRs and the filing of the instant petition. Accordingly, a total of 543 days passed before the petitioner filed for habeas relief, which is well outside the one-year time limit set by AEDPA.

        To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris*, 209 F.3d 325 (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *see also Holland*, 560 U.S. at 649. The petitioner has made no such showing here. Accordingly, should the district court decide not to dismiss the

---

[4] "There remains a dispute among the District of South Carolina opinions concerning whether (1) the decision date, (2) the remittitur date, or (3) the date of receipt of the remittitur controls for purposes of calculating the statute of limitations." *Jumper v. Warden of Broad River Corr. Inst.*, C.A. No. 1:15-4848-JFA-SVH, 2016 WL 2893988, at *6 n. 4 (D.S.C. Apr. 25, 2016) (citing cases), *R&R adopted by* 2016 WL 2866306 (D.S.C. May 17, 2016).

instant action for failure to prosecute, the undersigned recommends, in the alternative, that the action be dismissed as the petition is untimely.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it appears the petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). In the alternative, the undersigned recommends that the respondent's motion for summary judgment (doc. 14) be granted based on the untimeliness of the petition.

s/ Kevin F. McDonald<br>United States Magistrate Judge

November 28, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).