IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick Marcell Hollingsworth, | ) | Civil Action No. 6:16-1213-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the petition for habeas relief be dismissed for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure, or, alternatively, as barred by the statute of limitations. The Court agrees with both recommendations, and adopts both as independent and sufficient grounds for dismissal of the petition.

## I.   Background

Petitioner was convicted of murder and sentenced to life in prison on April 13, 2000. The conviction was affirmed on appeal on November 15, 2001. Petitioner did not seek further review. The Court of Appeals issued its remittitur on December 3, 2001, which was filed in Horry County on December 4, 2001. On July 16, 2002, Petitioner filed a *pro se* application for post-conviction relief ("PCR"). On May 24, 2006, the PCR court dismissed the application with prejudice. Petitioner did not appeal this dismissal.

The failure to appeal dismissal of the first PCR application subsequently became the subject of much litigation. On March 29, 2011, the petitioner filed a second PCR application. On July 14, 2011, the second PCR was dismissed by conditional order, in response to which Petitioner asserted that he was entitled to a belated review of his first PCR application under *Austin v. South*

-1-

*Carolina*, 409 S.E.2d 395 (S.C. 1991). On July 24, 2012, an evidentiary hearing was ordered to determine whether the petitioner was wrongfully denied his right to appellate review of his first PCR application. On October 30, 2013, Petitioner's *Austin* claim was granted, allowing belated appellate review of the first PCR application. On May 13, 2015, the Supreme Court reversed the grant of Petitioner's *Austin* claim. The Supreme Court issued its remittitur on May 29, 2015, and it was filed on June 1, 2015.

On April 15, 2016, Petitioner filed the present petition for habeas relief under § 2254. On July 7, 2016, Respondent filed a motion for summary judgment. (Dkt. No. 14.) Petitioner's response to that motion was originally due on August 11, 2016. Petitioner sought and received multiple extensions of time in which to respond, ultimately moving the response date to November 16, 2016. (Dkt. Nos. 25, 29.) Nonetheless, Petitioner never responded. On November 28, 2016, the Magistrate Judge recommended dismissal for lack of prosecution, or, in the alternative, granting Respondent's motion for summary judgment based on the untimeliness of the petition. (Dkt. No. 32.) Petitioner filed no objections to the recommendation.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face

-2-

of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## III.   Discussion

The Magistrate Judge recommends the petition be dismissed because Petitioner has failed to prosecute it and, alternatively, because it is barred by the statute of limitations. The Court agrees with both recommendations and adopts both as independent and sufficient grounds for dismissal.

### A.   Failure to Prosecute

A complaint may be dismissed pursuant to Rule 41 of the Federal Rule of Civil Procedure for failure to prosecute or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and, (4) the existence of less drastic sanctions other than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks omitted). Here, Petitioner, proceeding *pro se*, is entirely responsible for his failure to respond to Respondent's motion for summary judgment or the Court's orders requiring him to respond. The motion for summary judgment has been pending for over five months with no response from Petitioner, who has repeatedly offered false assurances of diligence. Petitioner's second motion for an extension, filed September 19, 2016, states, "There should be no need for additional requests [for extensions], after this one, because [Petitioner] is almost completed his opposition pleading." (Dkt. No. 24 at 1.) Nonetheless, he filed a third motion for an extension on October 13, 2016, citing Hurricane Matthew. (Dkt. No. 27.) That motion was granted. Nonetheless, as of December

19, 2016, Petitioner has yet to respond to the motion for summary judgment. No reasonable sanctions other than dismissal are available to the Court. Indeed, when the Magistrate Judge finally recommended dismissal of the petition as a sanction, Petitioner offered no objection. Accordingly, Petitioner has abandoned his petition for habeas relief.

**B.     Statute of Limitations**

The statute of limitations applicable to this petition requires filing within the one-year time period running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That period is tolled during "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending." 28 U.S.C. § 2244(d)(2). Based on the state court procedural history described above, the Magistrate Judge correctly calculated that 224 days lapsed between the and his first PCR application, and 319 days lapsed between the filing of the South Carolina Supreme Court's remittitur following the final PCR review and the filing date for the present Petition. (Dkt. No. 32 at 5.) Consequently, the petition is at least 178 days beyond the statute of limitations.

Petitioner therefore must show that the limitations period should be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). The petitioner has attempted no such showing here; indeed, he has failed to respond at all to Respondent's motion for summary judgment based on the statute of limitations or to the Magistrate Judge's recommendation to dismiss his petition as time barred. The petition, therefore, is barred by the statute of limitations.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation as the Order of the Court and **DISMISSES** the petition (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 20, 2016
Charleston, South Carolina